# CENTURY INDEMNITY CO.

*vs.*

# LEROY J. DONTIGNEY, SR. ET AL

Superior Court     New Haven County     File No. 60095

MEMORANDUM FILED APRIL 1, 1941.

*Taylor & Tribou,* of Hartford, for the Plaintiff.

*Harry R. Cooper,* and *Francis R. Danaher,* (Special Appearance), of Meriden, for the Defendants.

BOOTH, J.   The action is for a declaratory judgment determining the legal relations of the parties in respect to a certain automobile liability insurance policy.

According to the allegations of the complaint, the plaintiff issued to the defendant Leroy J. Dontigney, Sr. a policy purporting to insure this defendant against liability for damages to the person or property of others who sustained injuries by reason of accidents arising out of the ownership, maintenance or operation of two certain automobiles; that during the term of this policy one of said automobiles while being operated by another of the defendants, who is the son of the before named defendant, produced injury to the defendant Viola Watts; that this injured defendant has instituted an action against the defendant Leroy J. Dontigney,. Sr. and is suing for the recovery of damages which she claims resulted from her injuries; and that the defendant Leroy J. Dontigney, Sr., his son, and the defendant Viola Watts are claiming the protection of the provisions of the insurance policy above referred to.

It is further alleged, in substance, that the automobiles covered by the policy in question were not owned by the defendant in whose name it was issued but were owned by his 16-year-old son, Leroy J. Dontigney, Jr.; that the policy was issued in the name of the father for the purpose of avoiding the law which requires a 16-year-old owner of automobiles to furnish a certificate of financial responsibility and for the purpose of securing a reduction in the cost of the insurance from that which would have been required had the policy been issued in the name of the real owner of the cars; that while the true facts concerning the ownership of the cars was known to the defendants, Leroy J. Dontigney, Sr. and Leroy J. Dontigney, Jr. and to the plaintiff's agent, these facts were not known to the plaintiff until after the policy was issued and after the accident in question had occurred; that immediately upon learning the true facts the plaintiff notified the defendants Leroy J. Dontigney, Sr. and Leroy J. Dontigney, Jr. that it claimed the

policy was void and offered to return to the named policy holder the premiums paid thereon; that this offer was refused;. that under these circumstances the plaintiff claims the provisions of the policy are unavailable to any of the defendants.

It is still further alleged that in addition to the defendant Viola Watts other persons in the Dontigney automobile may have been injured and that claims similar to those made by the defendants Leroy J. Dontigney, Sr. and Leroy J. Dontigney, Jr. in reference to the damage to Viola Watts may be made by said defendants in respect to the damages suffered by these other persons.

The complaint is attacked by a demurrer of the defendants, Leroy J. Dontigney, Sr. and Leroy J. Dontigney, Jr., upon three grounds. The first is that no cause of action entitling the plaintiff to the relief sought is alleged in the complaint for the reason that the facts upon which the policy was issued are alleged to have been known to the agent of the plaintiff who issued the same and that such knowledge is imputed to the plaintiff.

" 'It is undoubted law that the knowledge of an agent gained while acting for his principal and in reference to a matter in the course of his agency is the knowledge of the principal....the rule is, however, subject to exceptions. It is founded upon the presumption that the agent will perform his duty and give the knowledge he has obtained in the course of his agency to his principal. The rule is founded in the public safety. When, however, the circumstances are such as to raise a clear presumption that the agent will not perform this duty, the presumption that he has performed no longer holds. The circumstances have made it intrinsically improbable that the agent will have informed his principal. Three sets of circumstances which are held to rebut this presumption are: (1) Where it is not the duty of the agent to disclose; (2) when the agent is acting adversely to the interest of his principal, whether for the interest of himself or a third party; (3) where the agent is acting in fraud of his principal. 2 *Mechem, Agency* (2d Ed.) §1813'." *MacKay vs. Aetna Life Ins. Co.,* 118 Conn. 538, 550, quoting from *Resnik vs. Morganstern,* 100 id. 38, 42.

In the instant case it is alleged in effect that an agent of the plaintiff agreed to have the insurance written in the name of the father rather than in that of the son for the purpose of

avoiding the requirement of the law concerning the financial responsibility of the son and for the purpose of procuring a policy at a lower premium than otherwise would have been charged by the plaintiff. Neither of these purposes can be said to have been in performance of any duty which the agent owed to his principal and the probabilites are that if they had been disclosed to the plaintiff it would not have acted as it did in issuing the policy in question. It therefore appears that by failing to make such disclosure the agent was acting adversely to the plaintiff's interests and that the second exception to the general rule as above stated would apply to the situation. Under such circumstances the knowledge of the agent would not be imputed to his principal. In view of the foregoing the first ground of the demurrer is not well taken.

The second ground of demurrer is that the plaintiff is not entitled to the remedy of a declaratory judgment because it has an adequate remedy at law which it might invoke by defending any suit or suits which have or may be brought against it based upon the policy in question.

While it is true that courts of some of our sister states have judicially decreed in accordance with this claim, the courts of this State have evidently not been confronted therewith as counsel have failed to furnish any such citations and the court has been unable to discover any. However, the statute (Gen. Stat. [1930] §5334) which authorizes the bringing of actions for declaratory judgments is remedial and it and the rules of practice thereunder should be liberally construed. *Sigal vs. Wise,* 114 Conn. 297. This statute creates in the Superior Court the power to declare rights, and other legal relations on request for such declarations "whether or not further relief is or could be claimed." Thus the very terms of the statute by which the power to render declaratory judgments is created, clearly indicate that such remedy may be invoked, even when other relief is available to the petitioning litigant.

In view of this situation and as there appears to be nothing contrary thereto in the rules of procedure adopted to carry out the statute in question, it is the opinion of the court that an action for a declaratory judgment is an alternative remedy and may be invoked regardless of the existence of other remedies. For the foregoing reasons the second ground of demurrer is not well taken.

The third ground of demurrer is in effect that not all parties having an interest in the policy referred to are parties to the present action. This claim evidently arises out of the allega- tions to the effect that in addition to the defendant Viola Watts other occupants of the Dontigney car may have been injured in the accident in question and that these persons may file suits similar to that already filed by the defendant Viola Watts.

It is true that under the rules of procedure adopted to carry out the terms of section 5334 of the General Statutes, Revision of 1930, the court will not grant a declaratory judg- ment unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof (Practice Book [1934] §250, subsec. [d]), and it is also true that such "other persons" referred to have not been made parties to the present action. According to the complaint it is not even alleged that these persons were in fact injured in the accident in question. All that is alleged is that they may have been injured therein and if so that they may make the same claims as the defendant Viola Watts. In view of the nebulous character of these allegations the court is unable to determine that such "other persons" have in fact any interest in the subject matter of the complaint; con- sequently it cannot be found that they are necessary parties to the present action. For the foregoing reasons the third ground of the demurrer is not well taken.

The demurrer as filed is therefore overruled upon all grounds.